IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANN CHIAPPETTA, on behalf of herself and all others similarly situated, and the AMERICAN COUNCIL OF THE BLIND OF NEW YORK, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NEW YORK STATE DIVISION OF HOMELAND SECURITY AND EMERGENCY SERVICES, PATRICK A. MURPHY, in his official capacity as Commissioner of the New York State Division of Homeland Security and Emergency Services, and ANDREW M. CUOMO, in his official capacity as Governor of the State of New York, <br><br> Defendants. | CIVIL ACTION NO. 7:20-cv-8546 <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**INTRODUCTION**

1.  To help save lives, the New York State Division of Homeland Security and Emergency Services ("DHSES"), DHSES Commissioner Patrick A. Murphy, and New York State Governor Andrew M. Cuomo (collectively, "Defendants") use a Mass Notification System ("NY-Alert") to warn New Yorkers and visitors of emergencies and other critical information in a timely manner. Such notifications include, among other things: (1) hazardous conditions alerts, (2) severe weather alerts, (3) transportation alerts, (4) public health alerts, and (5) nuclear power plant alerts. However, Defendants deny this notification service to individuals with disabilities in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 *et seq.*, and Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794, *et seq.*

1

2. Blind[1] individuals who use screen readers to access visually displayed digital information, cannot use Defendants' NY-Alert website on an equal basis with other individuals to register for urgent alerts or to choose how they receive such alerts. Instead, these individuals must secure the assistance of a third party, a burden that Defendants do not place on non-disabled individuals who can access this information online. As a result, blind individuals must give up the independence enjoyed by others who use Defendants' life-saving NY-Alert system. Further, many blind individuals live alone and/or do not have the means to retain sighted assistance, and so must forgo using the NY-Alert website and forgo receiving its notifications altogether, at great risk to themselves.

3. Hurricanes, floods, fires, winter storms, and nuclear disasters are a few of the many potential emergencies that New York residents and visitors face. Effective emergency preparedness and planning must include certain essential components, such as public notification and communication before and during emergencies. The failure to notify blind individuals about such emergencies via NY-Alert creates severe hardships for blind individuals and can be life threatening to them during these emergencies. It is critical that blind individuals be warned of emergencies in advance and that they receive information on how and if they will be evacuated, where they will be sheltered, and how and if they will be transported to such shelter.

4. Further, blind individuals often walk and/or rely on public transportation to get around. Blind individuals face a distinct disadvantage when they encounter sudden road closures and other interruptions in transportation service that require them to deviate from the routes that they are familiar with navigating. Additionally, strong winds and other severe weather events can be extremely disruptive to blind individuals who use a cane to walk and to those who rely on their hearing for orientation. It is thus imperative that blind individuals receive weather and transportation warnings as early as possible, so that they can avoid dangerous or unfamiliar terrain.

---

[1] Plaintiffs use the word "blind" to describe individuals who, as a result of a vision impairment, use alternative techniques or assistive technology for tasks done visually by persons without a visual impairment.

5.      Technology can be an important tool to improve access and inclusion for individuals with disabilities. But it can also be the latest means of excluding people with disabilities. The outcome turns on whether public entities comply with their affirmative obligations under federal law to create and maintain accessible digital structures. Here, the means are readily available to ensure that websites such as the emergency alert website maintained by Defendants are accessible to individuals with disabilities. Defendants have simply failed to make their NY-Alert website accessible, despite their knowledge of the barriers faced by Plaintiffs and others who require screen readers to use the NY-Alert website, and despite the urgency of such alerts, especially during the current pandemic.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794 *et seq.*, and 28 U.S.C. §§ 1331 and 1343.

7.      This Court has jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

8.      Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the acts or omissions giving rise to Plaintiffs' claims have occurred in this District.

## PARTIES – PLAINTIFFS

9.      Plaintiff Ann Chiappetta lives in New Rochelle, New York. She is blind and a qualified individual with a disability for purposes of the ADA and Section 504. Because she is blind, Ms. Chiappetta uses Job Access With Speech ("JAWS") screen reader software to access and enter content on internet websites. Because of the inaccessibility of the NY-Alert website for JAWS users, Ms. Chiappetta could not use the website to register for critical alerts, even after calling NY-Alert and speaking to a representative. Ultimately, Plaintiff Chiappetta was unable to use the NY-Alert website privately and independently, as she had to secure sighted assistance to

register and sign up for alerts. Ms. Chiappetta would like to sign up for additional alerts, and she would also like to receive notifications via text message. However, she cannot do so without further sighted assistance.

10. Plaintiff American Council of the Blind of New York, Inc. ("ACBNY") is New York's largest consumer organization of and for people who are blind. ACBNY is the New York State affiliate of the American Council of the Blind. Its purpose is to support and promote the educational, vocational and social advancement of blind persons. Its members are blind and deaf-blind, and they are qualified individuals with disabilities within the meaning of all applicable statutes. ACBNY has many blind members who cannot use Defendants' NY-Alert website on an equal and independent basis due to the inaccessibility of the website for blind individuals.

## PARTIES – DEFENDANTS

11. Defendant DHSES is the State agency responsible for managing emergency preparedness, response, mitigation and recovery. Defendant DHSES is also responsible for operating the NY-Alert notification system. Defendant DHSES is a public entity for purposes of Title II of the ADA, and receives federal financial assistance for purposes of Section 504. DHSES receives federal financial assistance in many forms, including, but not limited to, direct grants of assistance for emergency management.

12. Defendant Patrick A. Murphy, sued in his official capacity, is the Commissioner of DHSES.

13. Defendant Andrew M. Cuomo, sued in his official capacity, is the Governor of the State of New York. DHSES operates under the leadership of Governor Cuomo.

## STATEMENT OF CLAIMS

14. Defendants have planned, created, and maintained a website for NY-Alert, New York State's Mass Notification System, which currently exists at https://alert.ny.gov/. The NY-Alert website is the portal through which individuals can register to receive critical information and emergency alerts on what is happening in their New York area. NY-Alert provides emergency-related information including instructions and recommendations in real-time by

emergency personnel. Individuals can elect to receive notifications concerning weather, transportation, AMBER and missing children, consumer protection, public health and sex offender re-location. Individuals receive alerts by phone, text message, email and fax machine. Individuals can select multiple ways to be notified and customize the types of alerts they want to receive.

15. Defendants' NY-Alert website is inaccessible to individuals who are blind and require the use of screen readers.

16. The unnecessary barriers on Defendants' NY-Alert website that deny blind individuals meaningful access to services, information and features available on the site include, but are not limited to: lack of keyboard focus indicator; inaccessible toggle buttons and check boxes; inconsistent heading structure, unclear heading titles, and meaningless link names; lack of audio feedback; and errors in webpage focus order. In general, these barriers prohibit blind users from navigating the website and signing up for alerts. In particular, blind users are unable to, among other things: (1) locate the specific alerts they would like to receive, (2) check the correct boxes for the specific alerts they would like to receive, and (3) enter their phone number and click the correct buttons to receive text message alerts.

17. As a result of the barriers on Defendants' NY-Alert website, New York residents and others who are blind cannot register to receive life-saving alerts privately, independently, and on an equal basis with other individuals.

18. The information needed to create and maintain accessible digital websites compliant with federal disability law has long been readily available to Defendants. For example, The World Wide Web Consortium issued their Web Content Accessibility Guidelines ("WCAG") 2.0 AA, which explain how to make web content and processes accessible, in 2008. WCAG 2.1, which provides further accessibility guidance, was issued in 2018.

19. Further, Defendants have been aware of the access barriers on the NY-Alert website since at least July 2018. At that time, Plaintiff Ann Chiappetta informed Defendants of the access barriers and asked Defendants to fix them, to no avail. In May 2020, Plaintiffs again

requested that Defendants remedy the access barriers, but Defendants have failed to make that commitment.

20. Defendants' operation of their NY-Alert website therefore discriminates against blind individuals on the basis of disability.

### Harm to Plaintiff Ann Chiappetta.

21. Plaintiff Ann Chiappetta first attempted to use Defendants' NY-Alert website with JAWS in June 2018 in order to sign up for weather and other safety alerts. She could not navigate the website because of the access barriers described herein. She attempted to reach a representative for assistance and sent multiple voicemail and email messages. When a representative finally returned her call, he was unable to assist Ms. Chiappetta. Ms. Chiappetta had no choice but to request help from her sighted husband, who assisted her in registering and signing up for alerts on the NY-Alert website.

22. On July 2, 2018, Ms. Chiappetta emailed Lauren A. Holupko, Senior Attorney for the New York State Office of Information Technology Services, to inform Defendants about the pervasive access barriers on the NY-Alert website. Ms. Holupko replied stating that she referred the matter to a third-party vendor for resolution.

23. Ms. Chiappetta would like to use the NY-Alert website to sign up for additional alerts and to change her alert preferences to receive alerts via text message, instead of via email. On at least one occasion, while at work in the winter of 2019, Ms. Chiappetta wished to but did not receive any text messages from NY-Alert warning her of an imminent snowstorm and the ensuing road closures and bus service interruptions. She was unable to check her personal email for notifications while at work. If she had received such text message warnings, she would have made other travel arrangements to get home. Instead, she had to take multiple buses over the course of five and a half hours. Unfortunately, she cannot edit her notification preferences to receive text alerts because the NY-Alert website currently remains inaccessible to blind individuals. She still cannot use the NY-Alert website privately and independently.

**Harm to Plaintiff ACBNY.**

24.     Plaintiff ACBNY is a nonprofit 501(c)(3) organization seeking to promote the independence and dignity of blind persons in New York State. It is a state affiliate of the American Council of the Blind and consists of chapters which focus on either a geographic area, a specific population, or an issue within New York State. It has about 230 members. Its members wish to independently access the NY-Alert website to sign up to receive critical information available to individuals who are not blind.

25.     ACBNY members have attempted to use the NY-Alert website independently but have had trouble signing up for alerts because of the access barriers described herein. One or more members of ACBNY, including Ann Chiappetta, have been legally injured as a direct result of Defendants' discriminatory actions and failures to act and would have standing to sue in their own right.

26.     ACBNY can bring this action on behalf of itself and its members because the interests at stake are germane to ACBNY's mission of ending discrimination against people who are blind.

27.     ACBNY's claims are limited to injunctive and declaratory relief.

28.     In addition, ACBNY itself has been injured as a direct result of Defendants' failure to make the NY-Alert website accessible to blind individuals.

29.     ACBNY's interests are adversely affected because it must expend time and resources advocating for its members who cannot access Defendants' NY-Alert website and who are thus harmed by their inability to independently sign up to receive urgent information available to individuals without disabilities. Defendants' failure to make their NY-Alert website accessible hinders ACBNY's objectives of ending discrimination against persons with disabilities and promoting the ability of persons with disabilities to live independently in the community. On multiple occasions, ACBNY fielded concerns from its members about the inaccessibility of the NY-Alert website and wrote letters to Defendants asking them to remedy

the accessibility barriers. So long as the NY-Alert website remains inaccessible to blind users, ACBNY must expend resources to remedy the frustration of its mission.

30. Such injury would be directly redressed by a favorable decision in this case.

## CLASS ALLEGATIONS

31. Pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, Plaintiffs bring this action for injunctive and declaratory relief purposes, on their own behalf and on behalf of all persons similarly situated.

32. The class that Plaintiffs seek to represent includes all blind individuals who require a screen reader to use the NY-Alert website to register and receive urgent information via New York State's Mass Notification System that sighted users are able to access.

33. About 400,000 residents of New York State have visual disabilities. This figure does not include any of the approximately eight million Americans with visual disabilities who might visit or commute into New York State.

34. The persons in the class are so numerous that joinder of all such persons is impracticable and the disposition of their claims in a class action is a benefit to the parties and to the Court.

35. There is a well-defined community of interest in the questions of law and fact affecting the parties to be represented in that they are all being denied, or will be denied, their civil rights and equal and independent access to Defendants' NY-Alert website, due to the access barriers described herein.

36. Common questions of law and fact predominate, including questions raised by Plaintiffs' allegations that by failing to make the NY-Alert website accessible to blind users, Defendants have failed to provide equal and independent access to their Mass Notification System to persons with vision disabilities in violation of Title II of the ADA and Section 504. The common questions raised by Plaintiffs are capable of class-wide resolution.

37. Plaintiffs are adequate class representatives because they and the persons they represent are directly affected by Defendants' failure to provide persons with vision disabilities

equal and independent access to their Mass Notification System. The interests of the Plaintiffs are not antagonistic to, or in conflict with, the interests of the class as a whole. The attorneys representing the class are experienced in representing plaintiffs in civil rights class actions for injunctive relief, including actions challenging website access barriers.

38. Plaintiffs' claims are typical of the claims of the class as a whole because the Plaintiffs are similarly affected by Defendants' failure to provide persons with vision disabilities equal and independent access to their Mass Notification System.

39. Defendants have acted and/or failed to act on grounds generally applicable to all class members, thereby making final declaratory and injunctive relief with respect to the class as a whole appropriate.

## CAUSES OF ACTION
### Count I: Disability-Based Discrimination
### In Violation of Title II of the Americans with Disabilities Act
### 42 U.S.C. § 12131 *et seq.*

40. Plaintiffs incorporate by reference the above paragraphs as though fully set forth herein.

41. Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

42. Pursuant to the regulations implementing Title II of the ADA, a public entity may not, in providing any aid, benefit, or service: "[d]eny a qualified individual with a disability the opportunity to participate in or benefit from the aid, benefit, or service[,] [a]fford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others[,]" or "[p]rovide a qualified individual with a disability with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others[.]" 28 C.F.R. §§ 35.130(b)(1)(i)–(iii).

9

43. The regulations implementing Title II of the ADA also require that public entities avoid unnecessary policies, practices, criteria or methods of administration that have the effect or tendency of excluding or discriminating against persons with disabilities. *Id.* §§ 35.130(b)(3), (8).

44. Furthermore, such public entities "shall take appropriate steps to ensure that communications with applicants, participants, members of the public, and companions with disabilities are as effective as communications with others," and "shall furnish appropriate auxiliary aids and services where necessary to afford individuals with disabilities, including applicants, participants, companions, and members of the public, an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity of a public entity." *Id.* §§ 35.160(a)(1), (b)(1).

45. The ADA regulations provide that "[i]n determining what types of auxiliary aids and services are necessary, a public entity shall give primary consideration to the requests of individuals with disabilities." *Id.* § 35.160(b)(2).

46. To be effective, the "auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." *Id.*

47. Auxiliary aids and services specifically include "screen reader software; magnification software; optical readers; . . . [and] accessible electronic and information technology." *Id.* § 35.104.

48. Defendant DHSES is an agency of the State of New York, which is a public entity under Title II of the ADA. Individual Defendants are sued in their official capacities as those responsible for carrying out the operations of Defendant DHSES.

49. NY-Alert, New York State's Mass Notification System, is a service, program, or activity of Defendants.

50. Individual Plaintiff Chiappetta is a qualified individual with a disability and an individual with a disability under the ADA.

51. Organizational Plaintiff ACBNY has members who are qualified individuals with disabilities and individuals with disabilities under the ADA.

52. By planning, adopting, operating, and maintaining a Mass Notification System whose website is not accessible to the individual Plaintiff, to constituents of the organizational Plaintiff, and to all blind individuals who require a screen reader to use the NY-Alert website to register and receive urgent information via New York State's Mass Notification System that sighted users are able to access, Defendants have failed to provide such persons with meaningful access to the benefits Defendants make available to the public through their Mass Notification System, and have thus violated and continue to violate Title II of the ADA.

53. Plaintiffs are entitled to injunctive relief, declaratory relief, and attorneys' fees and costs.

### Count II: Disability-Based Discrimination
### In Violation of Section 504 of the Rehabilitation Act
### 29 U.S.C. § 794 *et seq*.

54. Plaintiffs incorporate by reference the above paragraphs as though fully set forth herein.

55. Section 504 mandates that "[n]o otherwise qualified individual with a disability … shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

56. Section 504 defines "program or activity" as including "all of the operations of … a department, agency, special purpose district, or other instrumentality of a State or of a local government; or … the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government." *Id.* § 794(b)(1).

57. Federally funded programs and activities may not, in providing aids, benefits, or services, "[a]fford a qualified handicapped person an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others," nor may such programs and activities provide qualified handicapped persons with "an aid, benefit, or service that is not as effective as that provided to others." 45 C.F.R. § 84.4(b)(1)(ii)–(iii).

58. Defendant DHSES, an agency or instrumentality of the State of New York, receives federal financial assistance, thereby subjecting itself to the requirements of Section 504. Individual Defendants are sued in their official capacities as those responsible for carrying out the operations of Defendant DHSES.

59. NY-Alert, New York State's Mass Notification System, is a program or activity of Defendants'.

60. Individual Plaintiff Chiappetta is a qualified individual with a disability and an individual with a disability under Section 504.

61. Organizational Plaintiff ACBNY has members who are qualified individuals with disabilities and individuals with disabilities under Section 504.

62. By planning, adopting, operating, and maintaining a Mass Notification System whose website is not accessible to the individual Plaintiff, to constituents of the organizational Plaintiff, and to all blind individuals who require a screen reader to use the NY-Alert website to register and receive urgent information via New York State's Mass Notification System that sighted users are able to access, Defendants have discriminated against such persons solely by reason of their disabilities and have thus violated and continue to violate Section 504.

63. Plaintiffs are entitled to injunctive relief, declaratory relief, and attorneys' fees and costs.

**Count III: Declaratory Relief**

64. Plaintiffs re-allege and incorporate herein all previously alleged paragraphs of the Complaint.

65.     Plaintiffs contend that Defendants have failed and are failing to comply with applicable laws prohibiting discrimination against persons with disabilities in violation of Title II of the ADA, 42 U.S.C. § 12131 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, *et seq*.

66.     A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

67.     WHEREFORE, Plaintiffs pray for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

68.     Issue an injunction requiring Defendants to make the website for NY-Alert, New York State's Mass Notification System, accessible to the individual Plaintiff, to constituents of the organizational Plaintiff, and to all blind individuals who require a screen reader to use the NY-Alert website to register and receive urgent information via New York State's Mass Notification System that sighted users are able to access, so that such blind individuals can use that system equally, privately and independently to register for critical alerts;

69.     Declare that the actions and inactions described herein violate the rights of Plaintiffs under the ADA and Section 504;

70.     Issue an order requiring that Defendants replace their inaccessible NY-Alert website with a website that complies with the ADA and Section 504;

71.     Issue an order requiring that Defendants put in place the systems, procedures, and personnel needed to ensure that future updates and changes to their website comply with the ADA and Section 504;

72.     Issue an order enjoining Defendants from engaging in the unlawful conduct complained herein;

73.     Award reasonable attorneys' fees and costs pursuant to federal law; and

74.     Grant such other and further relief as the court deems just and proper.

///

Dated: October 14, 2020

Respectfully submitted,

DISABILITY RIGHTS ADVOCATES

Michelle Iorio
Rebecca Williford (CA Bar No. 269977)*
Disability Rights Advocates
2001 Center Street, Fourth Floor
Berkeley, CA 94704-1204
(510) 665-8644
miorio@dralegal.org
rwilliford@dralegal.org

Chloe Holzman
Disability Rights Advocates
655 Third Avenue, Fourteenth Floor
New York, NY 10017-5621
(212) 644-8644
cholzman@dralegal.org

*Motion to Appear *Pro Hac Vice* Pending

Attorneys for Plaintiffs